



**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

Takara Bunn
1255 Pennsylvania Ave, Apt 9G
Brooklyn, NY 11239
347-244-9023
TakaraMonet@gmail.com

Plaintiff

v.

Maimonides Medical Center
4802 10th Ave
Brooklyn, NY 11219

Defendant

Case No.

COMPLAINT FOR EMPLOYMENT DISCRIMINATION AND RETALIATION

## PARTIES

1. Plaintiff Takara Bunn is a resident of Brooklyn, New York, and was employed by Defendant from July 9, 2007, until her termination on May 29, 2025.
2. Defendant Maimonides Medical Center is a medical facility located in Brooklyn, New York.

## JURISDICTION AND VENUE

3. Jurisdiction is proper under Title VII of the Civil Rights Act of 1964 and the Americans with Disabilities Act.
4. Venue is proper in this District because the events giving rise to this complaint occurred in Brooklyn, New York.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

5. Plaintiff received a Right-to-Sue notice from the Equal Employment Opportunity Commission on December 29, 2025, and this complaint is filed within 90 days of that notice.

**FACTUAL ALLEGATIONS**

6. Plaintiff began her employment as a clerk and union delegate, participating in multiple hospital committees, including Strategic Alliance, and volunteered for numerous hospital events.

7. Prior to management under Rodney Addison, Plaintiff received frequent praise from supervisors, multiple promotions, and positive evaluations, including one immediately before the first Performance Improvement Plan (PIP).

8. In December 2023, Plaintiff received her first PIP. Plaintiff raised concerns with Human Resources that the PIP was unjust and did not reflect her job description or actual performance. Two weeks after this complaint, Plaintiff received a promotion and raise, with no further mention of the PIP until it was reintroduced approximately a year later.

9. Plaintiff and a colleague were responsible for supervising staff and performing administrative tasks for two emergency departments, including a newly built standalone emergency department in 2022.

10. Plaintiff was required to ensure 24/7 staffing coverage, including weekends, often exceeding normal working hours. Despite repeated requests for assistance, no help was provided, while comparable requests from other employees were taken more seriously. Plaintiff was frequently criticized for minor schedule delays caused by these responsibilities.

11. Plaintiff performed tasks above and beyond expectations, including creating materials requested by management, and consistently maintained a high level of performance.

12. On or about May 25, 2025, Plaintiff applied for Family and Medical Leave Act (FMLA) leave, which was approved. Approximately four days later, Plaintiff was terminated on May 29, 2025.

13. The adverse actions described herein, including PIPs, heightened scrutiny, and termination, were not applied to similarly situated colleagues performing substantially similar duties.

## COUNT I — SEX DISCRIMINATION (TITLE VII)

14. Plaintiff repeats and realleges all preceding paragraphs as if fully set forth herein.
15. Plaintiff is a member of a protected class as a female employee.
16. Defendant subjected Plaintiff to adverse employment actions, including increased scrutiny, disciplinary measures, and termination, while similarly situated colleagues were not subjected to comparable treatment.
17. These actions were motivated, at least in part, by Plaintiff's sex.
18. As a result, Plaintiff has suffered economic, professional, and emotional harm.

## COUNT II — DISABILITY DISCRIMINATION AND FAILURE TO ACCOMMODATE (ADA)

19. Plaintiff repeats and realleges all preceding paragraphs.
20. Plaintiff has a disability within the meaning of the Americans with Disabilities Act.
21. Defendant was aware of Plaintiff's disability and failed to provide reasonable accommodation despite Plaintiff's repeated requests for assistance with staffing and operational responsibilities.
22. Instead, Plaintiff was subjected to adverse employment actions, including PIPs and termination.
23. Defendant's actions constitute disability discrimination and failure to accommodate under the ADA.
24. Plaintiff suffered damages as a result.

## COUNT III — RETALIATION (TITLE VII & ADA)

25. Plaintiff repeats and realleges all preceding allegations.
26. Plaintiff engaged in protected activity by applying for FMLA leave and requesting accommodation for operational responsibilities.
27. Defendant was aware of this protected activity.
28. Shortly after Plaintiff applied for FMLA, Defendant subjected Plaintiff to materially adverse actions, culminating in termination.
29. The adverse actions were causally connected to Plaintiff's protected activity and would dissuade a reasonable employee from engaging in similar protected activity.
30. Defendant therefore unlawfully retaliated against Plaintiff.

## DAMAGES

31. As a direct and proximate result of Defendant's actions, Plaintiff has suffered:
- Lost wages and benefits
- Lost future earning capacity
- Emotional distress
- Professional harm

32. Plaintiff is entitled to compensatory damages, punitive damages, back pay, front pay, interest, and any other relief permitted by law.

## JURY DEMAND

33. Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

1. Award economic and compensatory damages
2. Award punitive damages
3. Award back pay, front pay, and benefits
4. Award interest, costs, and attorney's fees where applicable
5. Grant such other relief as the Court deems just and proper

**SIGNATURE**

Takara Bunn
Date: 3/30/26

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

New York District Office
33 Whitehall St, 5th Floor
New York, NY 10004
(929) 506-5270
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 12/29/2025

**To:** Ms. Takara Bunn
1255 Pennsylvania Ave apt.# 9G
BROOKLYN, NY 11239
Charge No: 520-2025-05962

EEOC Representative and email:    PAUL HOLCHAK
INVESTIGATOR
PAUL.HOLCHAK@EEOC.GOV

### DETERMINATION AND NOTICE OF RIGHTS

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 520-2025-05962.

On behalf of the Commission,

Digitally Signed By: Arlean Nieto
12/29/2025

Arlean Nieto
Acting District Director

**Cc:**
Barbara Hoey
Kelley Drye & Warren
3 WTC
New York, NY 10007

Maimonides medical center
4802 10th Ave
BROOKLYN, NY 11239


Please retain this Notice for your records.